The judgment of the court was pronounced by
Rost, J.
The defendant is sued for the price of several slaves purchased at the probate sale of the succession of the late Jacques Dupré, among which was one named John Bull. The payment of the price of John Bull is resisted on the ground that before and at the time of the sale he was affected with a redhibitory malady, of which he died, more than a year after the purchase. The case was tried before a jury, who found a verdict in favor of the defendant, with fifty dollars damages ; the plaintiffs have appealed from the judgment rendered on this verdict.
The counsel for the defendant asserts truly, that it is the settled jurisprudence of this court to respect the verdicts of juries on questions of fact, unless they are clearly erroneous ; but a verdict may be erroneous not only because it is con- *592 tray to evidence, but also when the evidence upon which it is based is insufficient in law to make full proof of the facts in relation to which it is adduced. In the case of Seaton v. Municipality Number Two, 3d Ann. 44, the jury had assessed the damages for the breach of a building contract upon the speculative opinions of the witnesses, and their estimates of probable profits. We set aside the verdict, on the ground that evidence of that description did not make full proof of the damages sustained. The witnesses in that case were architects and builders. It is no disparagement to the healing art to say that the speculative opinions of the adept in its mysteries have not greater certainty than those of the architect in matters connected with his profession. Adopting, therefore, the same rule with both, we consider that the opinions of physicians as to the duration of a chronic disease, the existence of which has been ascertained by a post mortem examination, are not, by themselves, full proof of the length of time during which it has existed.
The slave, John Bull, died more than fourteen months after the sale. The physicians who made the post mortem examination, state that he labored under a disease of the heart accompanied by a general dropsy. They think that this disease was brought on by dirt eating. One of the witnesses thinks, and the other believes, that the disease must have existed two years. One of them says, that it was incurable when he first saw the slave, about six months after the sale. This conjectural evidence is unsustained by any other; the state of facts which it tends to establish is rendered extremely improbable by the testimony of many witnesses who knew the slave, and had him under their charge during the eight years which preceded the sale. They all state that he was robust, and, to all outward appearance, free from any chronic disease; that he was one of the stoutest men on the plantation; that he had none of the signs of a dirt eater, and that they do not believe he was one. None of the witnesses assert that the disease of which the slave died was incurable at the time of the sale; and the proof of its existence at that time is not satisfactory.
It is therefore ordered, that the judgment in this case be reversed, and that there be judgment in favor of the plaintiffs for the sum of eight hundred and seventy-five dollars, with interest at the rate of eight per cent on one-half thereof, from 27th December, 1848, and on the other half from the 27th December, 1849, until paid, with costs in both courts.